William Michael Skilton, Petitioner *v.* Enders
Food Market, Inc., Respondent.

Argued June 4, 1979, before Judges Crumlish, Jr.,
Blatt and DiSalle, sitting as a panel of three.

*John H. Broujos,* with him *Broujos and Andrews,*
for petitioner.

*DeLano M. Lantz,* with him *David E. Lehman,* and
*McNees, Wallace & Nurick,* for respondent.

Opinion by Judge Blatt, September 28, 1979:

William M. Skilton (petitioner) appeals from an
order of the Workmen's Compensation Appeal Board
(Board) which denied him benefits after concluding
that although the petitioner suffered an "injury" as
defined by The Pennsylvania Workmen's Compensa-
tion Act[1] (Act), he failed to establish any loss of earn-
ing capacity or any disability resulting therefrom.

---

[1] Section 301(c) of the Act of June 2, 1915, P.L. 736, *as amended,*
77 P.S. §411.

The petitioner suffers from a disease known as "cutis marmorata," a condition where the hands become mottled and red upon exposure to cold, and he voluntarily terminated his part-time employment at Ender's Food Market (Enders) in December 1974. He was a high school student at the time of this employment and the job required his handling of frozen items and occasionally required him to enter a freezer. He did not seek medical attention until March 1976 when his disease was diagnosed as indicated. At the time of the hearing he was earning substantially more than he had been earning when employed by Enders.

In view of the fact that the petitioner presented no testimony as to wages lost by him or as to duties which he cannot now perform, we are of the opinion that he does not now suffer from a compensable disability and that the decision of the referee as affirmed by the Board is supported by substantial evidence.

The order of the Board is affirmed.

ORDER

AND Now, this 28th day of September, 1979, the order of the Workmen's Compensation Appeal Board dismissing the petition of William M. Skilton is affirmed.